UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK O'DONNELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-157-ZMB |
| | ) | |
| CHARTER COMMUNICATIONS, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF CONSOLIDATION

The matter is before the Court on Defendants' ("Charter") Motion to Consolidate Cases, Doc. 10; Plaintiffs' Motion to Appoint Lead Counsel, Doc. 7; and Movants' Motion to Appoint Counsel, Doc. 18. On November 18, 2025, Plaintiffs and Movants orally modified their motions to be a joint application for appointment as co-lead interim class counsel. *See* Doc. 33. For the reasons that follow, the Court grants the Motion to Consolidate Cases in part and grants the motions to appoint counsel as orally modified.

**I.   Motion to Consolidate**

First, Charter moves for consolidation of this case with a higher-numbered case currently pending before the Honorable Judge Sarah E. Pitlyk. Doc. 10 (citing *Pitts v. Charter Comms.*, No: 4:25-CV-178-SEP). As clarified at the status hearing held on November 18, 2025, Defendants, Plaintiffs, and Movants all agree that consolidation is warranted.[1]

---

[1] At least initially, the parties did dispute the method of consolidation. However, as made clear at the status hearing, the newly appointed co-lead interim class counsel will decide for themselves whether filing an amended complaint is in the best interests of the class.

A court may consolidate multiple cases when the cases share a "common question of law or fact." FED. R. CIV. P. 42(a). When evaluating a motion to consolidate, courts look to several factors, including:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Select Comfort Corp. v. Baxter*, No. CV 12-2899, 2022 WL 17555484, at *3 (D. Minn. Dec. 9, 2022) (citation omitted). In this Court, the judge presiding over the lowest-numbered case is responsible for ruling on such requests and, if the motion is granted, presiding over the consolidated cases. *See* E.D. MO. L.R. 4.03.

As all interested parties agree, consolidation is warranted here. Both cases involve litigation alleging Charter's breach of its 401(k) savings plan. *See generally* Doc. 1; *Pitts*, No. 4:25-CV-178, Doc. 1. Both involve the same question of law and fact regarding whether Charter breached its obligations under the plan. As such, there is a substantial risk of a fact-finder reaching inconsistent adjudications on these common questions. The relative expenses and time of a single case would be minimum here, whereas multiple lawsuits would waste judicial resources. Thus, pursuant to Rule 42(a) and Local Rule 4.03, the Court grants Charter's motion to the extent that it seeks consolidation, and it does so for all purposes, including pre-trial motions and trial. *See* FED. R. CIV. P. 42(a)(1) & (2); E.D. MO. L. R. 4.03.

**II.     Motions to Appoint Interim Counsel**

Next, Plaintiffs and Movants jointly request to be appointed as interim class counsel. *See* Doc. 33. "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Roe v. Arch Coal*, No. 4:15-

2

CV-1026, 2015 WL 6702288, *2 (E.D. Mo. Nov. 2, 2015) (citation omitted). These factors include:

>  (1) the work counsel has done in identifying or investigating potential claims in the action;
>
>  (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
>  (3) counsel's knowledge of the applicable law; and
>
>  (4) the resources that counsel will commit to representing the class.

*Id.* (citing FED. R. CIV. P. 23(g)(1)(A)). A court also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (citing FED. R. CIV. P. 23(g)(1)(B)). Appointment of interim class counsel prior to certifying the class may be made to help "clarify responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (citing Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 211.11 (4th ed. 2004)).

The Court finds that the above factors favor appointing Plaintiffs' and Movants' counsel to be co-lead interim class counsel. It is evident from the briefs and the record developed at the status hearing that this joint appointment will adequately represent the class. *See* Docs. 8, 18–2, 33. Both counsel have done their own investigations of the potential claims, uncovering different evidence but arriving at the same conclusion. Both counsel have extensive knowledge of this kind of litigation, as well as a breadth of experience in other complex civil litigation. Both counsel have indicated that they are sufficiently staffed, self-funded, and willing to provide personal attention to this case. Finally, the recent willingness of both counsel to agree to work together shows that they are able to put the best interest of the class ahead of their own interests. As such, the Court will grant the motions as modified to be a joint application for co-lead interim class counsel.

### III.    Interim Schedule

Finally, as stated at the status hearing held on November 18, 2025, the following deadlines apply in this case:

- No later than November 26, 2025, co-lead interim class counsel will file a notice on whether they intend on filing a consolidated class action complaint or if they will proceed on one of the previously filed complaints.

- Should class counsel decide to proceed on an existing complaint, they must designate the operative pleading. Charter will then have 14 days to respond to the designated complaint.

- Should Plaintiffs decide to proceed by way of an amended complaint, they will have 21 days from the notice to file that complaint. Charter will have 14 days after the date the amended complaint is filed to respond.

### CONCLUSION

Accordingly, the Court **GRANTS IN PART** Charter's [10] Motion to Consolidate Cases only to the extent it seeks consolidation with *Pitts*. Consolidation is ordered for all purposes. *See* FED. R. CIV. P. 42. Further, the Court **GRANTS** Plaintiffs' [7] and Movants' [18] motions for appointment as interim class counsel as orally modified. The firms of Schlichter Bogard LLC and Chimicles Schwartz LLP are appointed as co-lead interim class counsel.

The Clerk of Court is directed to consolidate *Pitts v. Charter Comms.*, No: 4:25-CV-178-SEP with this case (the "Consolidated Action"), to file this Order of Consolidation in both dockets, and to administratively close *Pitts*. All future filings and pleadings must be made in this Consolidated Action. *See* E.D. MO. L.R. 4.03.

So ordered this 21st day of November 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE